**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MIXTECO ENTERPRISES, INC.,
Plaintiff,
v.

JPMORGAN CHASE BANK, NATIONAL ASSOCIATON,
Defendant.

Case No.: 3:25-cv-02106-BTM-MMP

**ORDER GRANTING MOTION TO DISMISS**

**[ECF NO. 12]**

Before the Court is Defendant JPMorgan Chase Bank's motion to dismiss (ECF No. 12 ("MTD")) Plaintiff Mixteco Enterprise's first amended complaint (ECF No. 10 ("FAC")). After considering the Parties' arguments and the law, the Court GRANTS the MTD without prejudice.

//

//

//

## I. BACKGROUND

Around February 28, 2025, Mixteco deposited a check in the amount of $8,400 (the "Check") into its account with Chase (the "Account"). (FAC at ¶¶ 2–3.) The deposit was returned because Chase had imposed a stop payment on the Check. (*Id.* at ¶ 4.) On March 3, 2025, Chase debited the Account for the amount of the Check. (*Id.* at ¶ 5.) The next day, on March 4, 2025, Chase debited $8,400 from the Account a second time. (*Id.* at ¶ 5.) Between March 4 and 7, 2025, Chase took an additional $7,521.92 from the Account via a series of four transactions. (*Id.* at ¶¶ 6–9.)

After Mixteco's principal, Jorge Morales, contacted Chase, representatives from Chase informed him that the bank would return the funds to the Account on or before March 11, 2025. (*Id.* at ¶¶ 10–14.) However, on March 14, 2025, Chase took an additional $2,665.20 from the Account and did not return any funds back to the Account until March 17, 2025. (*Id.* at ¶¶ 15–16.)

On March 17, 2025 Chase returned $8,400 to the Account and sent a letter (the "Letter") to Mixteco. (ECF No. 15 ("Exhibit B").) In the Letter, a representative of Chase explained that it had made an adjustment to the Account to correct an error Chase had previously made. (*Id.*) According to Chase, when the $8,400 check was returned to it by the issuer's bank, Chase erroneously subtracted $8,400 from the Account twice; once on March 3 and once on March 4. (*Id.*) On March 11, 2025, Chase added $8,400 back to the Account. (*Id.*) During the two-week period in March 2025, Chase maintained that the Account had negative balance and charged Mixteco overdraft fees. (FAC at ¶¶ 18–19.)

On March 24, 2025, Mixteco filed a complaint in state court against Chase. (MTD at 9.) In response, Chase filed a demurrer and then removed this action to this Court on the basis of diversity jurisdiction. (*Id.* at 9.)

On September 19, 2025, Mixteco filed its FAC and pleaded five causes of action: (1) civil theft under California Penal Code § 496, (2) conversion, (3) negligence, (4) accounting, and (5) breach of fiduciary duty. (FAC at ¶¶ 22–145.)

//

Chase filed its MTD on October 17, 2025. In its MTD, Chase contends that the FAC should be dismissed on eight grounds. First, the California Uniform Commercial Code preempts the common law claims for conversion and negligence; second, the economic loss doctrine bars the Mixteco's conversion and negligence claims; third, the civil theft claim fails as a matter of law; fourth, the negligence claim fails because Chase owed no legal duty to Mixteco beyond its contractual obligations; fifth, the accounting claim fails as a matter of law; sixth, Mixteco cannot state a claim for breach of fiduciary duty against Chase; seventh, Mixteco has not properly pleaded that it is entitled to punitive damages; and eighth, amendment of the FAC would be futile.

Mixteco filed an opposition (ECF No. 14 ("Opposition")) to the MTD and Chase filed a reply in support of the MTD (ECF No. 16 ("Reply")).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require "detailed factual allegations" it does require more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also*, Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pleaded allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at

556). There must be "more than a sheer possibility that a defendant has acted unlawfully. *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court will grant leave to amend unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Velez v. Cloghan Concepts LLC*, 387 F. Supp. 3d 1072, 1078 (S.D. Cal. 2019) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)).

## III. DISCUSSION

### A. California Uniform Commercial Code and Preemption

First, Chase contends that Mixteco's second (conversion) and third (negligence) causes of action—which are both based on common law theories of torts—are preempted by the California Uniform Commercial Code ("UCC"), which provides the exclusive statutory framework for disputes involving negotiable instruments and depository banks. (MTD at 10–11.)

The UCC does not automatically displace all other legal principles. *Zengen, Inc. v. Comerica Bank*, 41 Cal. 4th 239, 251 (2007). Section 1103 of the UCC provides that "[u]nless displaced by the particular provisions of this code, the principles of law and equity, including […] fraud, misrepresentation […] shall supplement its provisions." Cal. U. Com. Code § 1103, subd. (b). Therefore, other principles of law will still apply unless some particular provision of the UCC has displaced them. *Zengen*, 41 Cal. 4th at 251; *see also, Chino Commercial Bank, N.A. v. Peters*, 190 Cal. App. 4th 1163, 1170 (2010) ("[T]he UCC expressly displaces common law, to the extent that its 'particular provisions' apply.").

Chase takes the position that Divisions 3 and 4 have displaced the common law and provide the exclusive statutory framework for disputes involving negotiable instruments and depository banks. (MTD at 11.)

Division 3 provides that the definition of an "instrument" includes a "check." Cal. Com. Code §§ 3104(b), (e), (f). Division 4 defines a "depository bank" as the "first bank to take an item even though it is also the payor bank, unless the item is presented for immediate payment over the counter" and a "collecting bank" as the "bank handling an item for collection except the payor bank." Cal. Com. Code §§ 1404(2), (5).

Here, Chase is a depository bank for purposes of the UCC because Mixteco deposited the Check, which is an instrument under Division 3, with Chase. Nevertheless, the UCC would only apply to the initial Check for $8,400, if at all, and not the other later debits made by Chase from the Account, because the UCC governs the negotiation of the Check and conduct related to the negotiation, not subsequent allegedly wrongful debits. Even then, the UCC would only apply to claims related to the negotiation and warranties of the Check, and the claims here would arise under a theory of breach of contract or a claim for money had and received. The FAC here only pleaded claims related to Chase's allegedly wrongful debiting of funds from the account. Such conduct is not covered by Divisions 3 or 4 and, consequently, they do not displace common law in this case.

**B. Economic Loss Rule**

Chase next argues that Mixteco's claims for conversion and negligence are barred by the economic loss rule as it only alleges economic damages. (MTD at 12–14.) The Court finds that the economic loss rule applies to Mixteco's conversion and negligence claims and Mixteco fails to identify an applicable exception.

Under California law, there is generally no recovery in tort for negligently inflicted purely economic losses. *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922 (2022). Not all tort claims for monetary losses between contractual parties are barred by the economic loss rule. Claims are only barred when they arise from the parties' underlying contracts. *Id.* at 923. The purpose of the economic loss rule is to prevent "the law of contract and the law of tort from dissolving into one another." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). The economic loss rule requires a plaintiff "to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Id.*

In evaluating whether the economic loss rule bars a claim, courts must consider (1) the full scope of the parties' contractual agreement; (2) whether there is an independent tort duty to refrain from the alleged conduct; and (3) if an independent duty exists, the court must consider whether the plaintiff can establish all elements of the tort independently of

the rights and duties assumed by the parties under the contract. *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 26 (2019).

As a threshold matter, in its opposition, Mixteco asserts that the economic loss rule factors cannot be decided on a motion to dismiss but cites no authority for this proposition. (Opp. at 6–7.) Courts in this district routinely analyze whether the economic loss rule applies to claims at the motion to dismiss stage. *See e.g., Sahel Oncology, LLC v. STA Pharmaceutical Hong Kong Ltd.*, No. 23-cv-1458, 2024 WL 3049851, at *4–5 (S.D. Cal. Jun. 18, 2024); *Lum v. Merlin Entertainments Group U.S. Holdings, Inc.*, No. 20-cv-1049, 2023 WL 2583307, at *12 (S.D. Cal. Mar. 20, 2023); *Hastings v. Ford Motor Co.*, Case No. 19-cv-2217, 2020 WL 12688367, at *4 (S.D. Cal. Oct. 2, 2020). Mixteco has offered no factual reason or legal authority why this case should be any different.

**1. Conversion**

Chase argues that Mixteco's conversion claim arises out of its contractual relationship with Chase as a depositor. (MTD at 14.) Whether the economic loss rule bars a conversion claim turns on "whether the ownership interest that formed the basis for the conversion claim preexisted the contract or arises from the contract. Where the interest preexisted the contract, a conversion claim will lie." *Fine v. Kansas City Life Ins. Co.*, 627 F. Supp. 3d 1153, 1161 (C.D. Cal. 2022) (citing *Expedited Packages, LLC v. Beavex Inc.*, No. 15-00721, 2015 WL 13357436, at *4 (C.D. Cal. Sept. 10, 2015)).

Mixteco alleges that its conversion claim arises out of the Account that it maintains with Chase. (FAC at ¶ 47.) All of the allegedly tortious conduct occurred as a result of the relationship between Chase and Mixteco regarding the Account. Indeed, Mixteco's relationship with Chase arises solely out of their banking contract.

**2. Negligence**

The FAC also alleges a negligence claim, which Chase argues is similarly barred by the economic loss rule. (MTD at 14–15.)

//

//

As to Mixteco's negligence claim, recovery of purely economic loss is foreclosed in the absence of (1) personal injury, (2) physical damage to property, (3) a "special relationship" existing between the parties, or (4) some other common law exception to the rule. *Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*, 315 Fed. Appx. 603, 605 (9th Cir. 2008). Here, Mixteco has not alleged any facts that indicate injury other than the monetary loss it allegedly suffered from Chase erroneously debiting the funds from the Account. The kind of injury alleged by Mixteco related to the wrongful debts by Chase does not arise out of a claim for conversion or negligence, but out of breach of contract, which has not been pleaded in the FAC. Accordingly, the Court holds that the economic loss rule bars Mixteco's negligence and conversion claims.

**C. Civil Theft**

A claim for civil theft in California ultimately rests on whether a plaintiff establishes that a defendant committed the act of theft as defined by California Penal Code § 496. *Bell v. Feibush*, 212 Cal. App. 4th 1041, 1049 (2013). Chase moves to dismiss the civil theft claim, arguing that Mixteco failed to allege the specific intent required by the statute.

Section 496(a) criminalizes buying or receiving "any property that has been stolen or that has been obtained in any manner constituting theft" under § 484. Cal. Penal Code § 496(a). Under § 496(c), an individual may bring a private cause of action for any violation of § 496(a). *See* Cal. Pen. Code § 496(c). To establish theft for the purposes of § 484, a defendant must have the specific "felonious" intent to deprive the owner of his or her property. *GEC US 1 LLC v. Frontier Renewables, LLC*, No. 16-cv-1276, 2016 WL 4677585, at *9 (N.D. Cal. Sept. 7, 2016) (citing *People v. Avery*, 27 Cal. 4th 49, 58 (2002)). The requisite intent is a specific intent to steal, and cannot be established if a defendant has a "good faith claim of right" to possession. *GEC US 1 LLC*, 2016 WL 4677585, at *9 (citing *People v. Davis*, 19 Cal. 4th 301, 305 (1998).

Perhaps most fatal to Mixteco's FAC here is that the funds allegedly stolen by Chase were not Mixteco's money. The money belonged to Chase and Mixteco had only a credit which was wrongfully debited. Furthermore, the FAC does not allege the requisite specific

intent. The FAC alleges that Chase "failed to properly process the Check" and, generally, that Chase "misappropriated and stole a deposit to the Account." (FAC ¶¶ 26–30.) But, the FAC does not allege facts that suggest Chase had a "guilty mind" or "guilty conscious" such that it had the specific intent to commit theft.

In its opposition, Mixteco seems to suggest that the intent to permanently deprive standard does not apply because a criminal conviction is not required for purposes of § 496(c). (Opp. at 7–8.) Mixteco is wrong. As Mixteco itself admits, all that is required for civil liability to attach under § 496(c) is that a "violation" of subdivision (a) or (b) of § 496 has occurred. *Bell*, 212 Cal. App. 4th at 1045. But a violation of § 496(a) or (b) requires that a plaintiff plead theft, which in turn, necessarily requires a minimal showing that the defendant had the specific intent to commit theft. Therefore, regardless of whether there is a conviction or not, the standard remains the same and a plaintiff must proffer sufficient allegations evidencing specific intent. Mixteco here has failed to do so.

Absent adequate allegations of the requisite specific intent, the FAC does not state a plausible claim for civil theft.

**D. Negligence**

Mixteco's third cause of action alleges negligence. The elements of a negligence claim are (1) the existence of a duty to exercise due care; (2) breach of that duty; (3) causation; and (4) damages. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001). Mixteco's negligence claim here alleges three separate negligent acts. "A party may set out 2 or more statements of a claim […] either in a single count […] or in separate ones." Fed. R. Civ. P. 8(d)(2). "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." *Id.* Accordingly, the Court evaluates each alleged negligent act and determines whether any one of those allegations is sufficient to withstand the motion to dismiss. Because, as set out below, each allegedly negligent act is insufficient in at least one respect, the Court dismisses the negligence claim without prejudice.

Duty is not universal and exists only if a plaintiff's interests are entitled to legal protection against the defendant's conduct. *Sheen v. Wells Fargo*, 12 Cal. 5th 905, 920

(2022). Whether a duty exists is a question of law to be resolved by the court. *Id.* (quoting *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213 (2021)). It is well established that a bank has a "duty to act with reasonable care in its transactions with its depositors…" *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 543 (1998) (quoting *Bullis v. Security Pac. Nat. Bank*, 21 Cal. 3d 801, 808 (1978)). The duty is an implied term in the contract between the bank and its depositor. *Chazen*, 61 Cal. App. 4th at 543. The FAC alleges certain acts that may have amounted to a breach of the bank's duty of care under the deposit contract.

The negligence claim alleges that Chase owed a duty to Mixteco to reasonably and properly maintain the Account and Chase failed to reasonably and properly maintain the Account. (FAC at ¶¶ 90–92.) The negligence claim also alleges that Chase owed a duty to Mixteco to exercise reasonable skill and diligence, which Chase failed to do. (FAC at ¶¶ 91–93.) As pleaded in the FAC, Chase breached both the foregoing duties and, as a result, Mixteco suffered damages. (FAC at ¶¶ 94–96.) Additionally, Mixteco also alleges that Chase made false representations to Mixteco. (FAC at ¶ 80.) In its opposition, Mixteco further states that its claim for negligence also includes Chase's "negligent misrepresentations." (Opp. at 8.)

However, as a depository bank, Chase owes Mixteco no duty of reasonable care independent of its contractual obligations. *Chazen*, 61 Cal. App. 4th at 543. In the absence of an independent duty owed to Mixteco by Chase, an essential element of a negligence cause of action is missing here.

The FAC also alleges a claim for negligent misrepresentation. Negligent misrepresentation is a separate and distinct tort. *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 407 (1992). As such, Mixteco must plead negligent misrepresentation separately from ordinary negligence and any such separate claim must meet the heightened pleading standards of Rule 9(b), which as currently pleaded, it does not.

**E. Accounting**

Chase argues that Mixteco's accounting claim fails as a matter of law because Chase does not have a fiduciary relationship with Mixteco that would require equitable

intervention and the amount allegedly owed is capable of calculation through ordinary means. (MTD at 16.) In turn, Mixteco maintains that an accounting is needed because only Chase knows how much profit it made with the money it took from the Account. (Opp. at 9.)

A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due to the plaintiff that can only be ascertained by an accounting. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009) (citations omitted).

An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation. *Id.* (citing *St. James Church of Christ Holiness v. Superior Court*, 135 Cal. App. 352, 359 (1955)).

A fiduciary relationship between the parties is not required to state a cause of action for an accounting; rather, all that is required is that some relationship exists that requires an accounting. *Id.* (citing *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 7 (1950)). The right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender. *Id.* at 179–80.

In its opposition, Mixteco implies that it intends to use an accounting as a discovery tool. (Opp. at 9.) However, although an accounting is a species of disclosure, it is predicated upon the plaintiff's legal inability to determine how much money is due. *Teselle*, 173 Cal. App. 4th at 180. But, here, the sums at issue are easily calculated without an accounting.

As such, Mixteco's cause of action for accounting is dismissed.

**F. Breach of Fiduciary Duty**

Mixteco contends that "Chase had a fiduciary duty to Mixteco to not embezzle the money entrusted by Mixteco to Chase." (Opp. at 9.) Chase argues that Mixteco's claim for breach of fiduciary duty fails as a matter of law because under California law, the relationship between a bank and its depositor is not fiduciary in nature. (MTD at 17.)

California courts have long regarded "as axiomatic" that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor. *Kim v. Sumitomo Bank*, 17 Cal. App. 4th 947, 980 (1993). Further, a debt is not a trust and there is not a fiduciary relationship between debtor and creditor as such. *Id.* The relationship of a bank and a depositor is founded on contract. *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 537 (1998) (quoting *Barclay Kitchen, Inc. v. California Bank*, 208 Cal. App. 2d 347, 353 (1962)).

There is no indication here that Chase owed Mixteco any duties beyond its contractual duties. Since there was no fiduciary relationship between Chase and Mixteco, an essential element of a breach of fiduciary duty claim is missing from the FAC.

Therefore, Mixteco's claim for breach of fiduciary duty is dismissed.

**G. Punitive Damages**

Chase also argues that Mixteco is not entitled to any punitive damages under California law because it has not shown that Mixteco acted with the requisite oppression, fraud or malice. (MTD at 18–19.) To this end, Mixteco argues that oppression may be inferred from Chase's conduct. (Opp. at 9–10.)

The availability of punitive damages is a question of state law. *Central Office Tel. v. AT&T Co.*, 108 F.3d 981, 993 (9th Cir. 1997), *rev'd on other grounds*, 524 U.S. 214, 228 (1998). To obtain punitive damages under California law, Mixteco must establish by clear and convincing evidence that Chase has been guilty of oppression, fraud, or malice. Cal. Civ. Code § 3294(a); *see also, Basich v. Allstate Ins. Co.*, 87 Cal. App. 4th 1112, 1121 (2001). Cal. Civ. Code § 3294(b) imposes a heightened bar for obtaining punitive damages against corporations. "With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." *Id.*

Here, Mixteco argues that Chase's oppressive or malicious conduct can be inferred from its "stealing money from a customer bank account" and that Chase acted "fraudulently regarding its misrepresentations." (Opp. at 10.)

Setting aside the fact that the FAC has not properly pleaded that Chase committed civil theft amounting to stealing money from Mixteco, nor has the FAC properly pleaded fraudulent misrepresentation, the FAC has also not alleged any facts that would give rise to an inference that any officer, director, or managing agent of Chase had the advanced knowledge and consciously disregarded, authorized, or ratified any oppressive or malicious conduct taken by its employees.

Based on the foregoing, Mixteco's request for punitive damages is stricken.

**H. Amendment**

Lastly, Chase argues that Mixteco should not be given leave to amend its claims because not only can no amendment overcome the factual and legal deficiencies with the FAC, but also because Mixteco has already had the opportunity to amend its complaint. (MTD at 20.)

The general policy provided by Rule 15(a)(2) that a court should freely give leave "when justice so requires" is "to be applied with extreme liberality." *Eminence Capital, LLC*, 316 F.3d 1048, 1051 (9th Cir. 2003). Accordingly, leave should be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Mixteco initially filed its complaint in Superior Court. (ECF No. 13-1 at 2.) Chase filed a demurrer (ECF No. 13-2 at 2) and then removed the action to this Court. Before any motion to dismiss was filed, Mixteco filed an amended complaint in this Court. Shortly thereafter, Chase filed the present MTD. Prior to this order, there has been no court determination—in either state court or this Court—that Mixteco's initial complaint or the FAC were insufficient. Given the nature of how the FAC came to be amended, the Court finds that granting Mixteco leave to amend the FAC is appropriate.

//

## IV. CONCLUSION

For the reasons discussed above, Chase's motion to dismiss is **GRANTED**. Mixteco's first (civil theft), second (conversion), third (negligence), fourth (accounting), and fifth (breach of fiduciary duty) claims are **DISMISSED** with leave to amend. Mixteco's request for punitive damages as to its tort claims is dismissed with leave to amend.

Mixteco has leave to file an amended complaint within twenty-one (21) days from the entry of this Order to correct the deficiencies identified above. Mixteco shall comply with Civil Local Rule 15.1 requiring the filing of a redlined version of the amended complaint. In order to streamline further motions to dismiss, the parties shall proceed as follows. No later than twenty-one (21) days after the filing of the amended complaint, Chase may file a motion to dismiss limited to ten (10) pages of argument. Mixteco may file an opposition limited to ten (10) pages of argument no later than fourteen (14) days after the filing of the motion to dismiss. The Court will then set the motion down for oral argument.

**IT IS SO ORDERED.**

Dated: August 12, 2026

Barry Ted Moskowitz

Honorable Barry Ted Moskowitz
United States District Judge